**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-10436
Summary Calendar

STATE INDUSTRIES, INC.,

Plaintiff-Appellee,

versus

THOMAS W. FAIN, ET AL.,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(01-CV-406)

January 27, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas W. Fain, et al., ("Fain plaintiffs") appeal the district court's grant of summary

judgment in favor of State Industries, Inc. ("State Industries") and the denial of their motion for leave

to amend their second amended answer to add a breach of contract counterclaim. After reviewing

the record in this matter, we affirm the judgment of the district court.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of a Class Action Settlement Agreement (" Settlement Agreement") entered into by the parties in connection with a class action suit commenced against State Industries in Texas state court. See Fain, et al. v. State Industries, Inc., No. 241-98 (Johnson County, Texas). The facts of the class action suit are set forth below.

In October 1988, the Fain plaintiffs filed a class action suit against State Industries seeking to recover damages arising from defective Duron water heaters manufactured and sold by State Industries. In May 1999, the state court entered an order certifying three nationwide classes to proceed with claims against State Industries. St ate Industries immediately filed an interlocutory appeal of the state court's certification order with the Texas Court of Appeals.

While State Industries' appeal was pending, the parties attended a court-ordered mediation session, where a tentative settlement agreement was reached. Upon notifying the state court of the tentative settlement agreement, the parties obtained a stay of State Industries' appeal of the class certification order, which was extended three times. On March 8, 2000, the parties executed the Settlement Agreement. Pursuant to the terms of the Settlement Agreement, State Industries agreed to provide compensation to the three nationwide class plaintiffs and to pay their counsel 10.6 million dollars. The class members agreed to release and discharge State Industries from liability. The Settlement Agreement also provides, in part, that State Industries shall "undertake [its] best efforts, including all steps contemplated by [the Settlement Agreement,] to effectuate [the Settlement Agreement.]"

In March 2000, pursuant to the Texas Rules of Civil Procedure, the parties filed their Joint Motion for Preliminary Approval of the Settlement Agreement, which was approved with the

2

directive that notice of the proposed settlement agreement be given to the class members. State Industries then mailed notices to 76,000 Duron customers. Following the expiration of the notice period, the parties submitted a Joint Motion for Final Approval of the Settlement Agreement. In June 2000, the state court conducted a hearing on the joint motion, whereupon Linda Bradbury, one of the class members, appeared through counsel and objected to the terms of the Settlement Agreement.[1] Rejecting Linda Bradbury's objections, the state court entered a final order approving the Settlement Agreement. In August 2000, Linda Bradbury appealed the final order.

In September 2000, the stay that was issued with respect to State Industries' appeal of the class certification expired by its own terms. In November 2000, the Texas Court of Appeals concluded that the trial court abused its discretion in granting the Fain plaintiffs motion for class certification, and likewise, vacated the order granting the class certification. On the same day, the Texas Court of Appeals ruling on Linda Bradbury's appeal, vacated the trial court's order approving the Settlement Agreement based on the improper class certification (collectively with the decertification of the class certification ruling, "Texas Court of Appeals decisions").

In December 2000, the Fain plaintiffs moved for the Texas Court of Appeals to reconsider the case and vacate both of the rulings. Prior to filing these motions, counsel for the Fain plaintiffs requested that State Industries join in the motions pursuant to the "best efforts" clause of the Settlement Agreement. State Industries refused to do so, seeking instead to file an opposition to the

---

[1] One of Linda Bradbury's arguments was that the mailing of notices were untimely. State Industries has admitted that it failed to send out the notices in a timely fashion. The Fain plaintiffs contend that by doing so, State Industries breached the "best efforts" provision of the Settlement agreement and that it "created a morass of appellate issues" for the Linda Bradbury appeal that followed. We reject this argument because the decision to terminate the Settlement Agreement was based on the decertification of the underlying class, not the belated settlement notices.

3

request for rehearing. In February 2001, the Texas Court of Appeals denied the motion for rehearing. The Texas Supreme Court denied the Fain plaintiffs' petition for review twice.

The Fain plaintiffs' counsel forwarded a draft complaint to State Industries in which they alleged that it breached the Settlement Agreement by failing to use its best efforts. State Industries filed a declaratory judgment action in the federal district court seeking a declaration that the Texas Court of Appeals decisions rendered the Settlement Agreement null and void and that it did not breach the Settlement Agreement. State Industries then moved for summary judgment in its favor and for an award of the relief requested in its complaint for declaratory relief. The district court granted State Industries' motion for summary judgment and determined "that its conduct did not constitute a violation of its obligations, of which there were none, under the Settlement Agreement." Citing the nullity of the Settlement Agreement, the district court denied the Fain plaintiffs leave to amend their answer to add a counterclaim as futile. This appeal follows.

## STANDARD OF REVIEW

We review the grant of summary judgment *de novo*. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "Questions of fact are reviewed in the light most favorable to the nonmovant and questions of law are reviewed *de novo*." Mowbray, 274 F.3d at 278-79.

## DISCUSSION

I.    The Settlement Agreement

The Fain plaintiffs contend that State Industries breached the Settlement Agreement by failing to employ its best efforts to effectuate the Settlement Agreement. Specifically, the Fain plaintiffs highlight instances of breach prior to and subsequent to the Texas Court of Appeals decisions.

The Fain plaintiffs argue that State Industries failed to stay or dismiss its pending appeal of the certification order and failed to join in their efforts to oppose the Bradbury appeal. The district court held that State Industries did not breach its obligations prior to the Texas Court of Appeals decisions by refusing to oppose the Bradbury appeal. Specifically, the district court noted that "considering the procedural posture of this case at the time of the court of appeals' ruling, the court concluded that State Industries' refusal to oppose the Bradbury appeal did not constitute a breach of any obligation arising from the Settlement Agreement." We agree. The Fain plaintiffs' arguments that State Industries breached the Settlement Agreement by failing to stay or dismiss its pending appeal of the class certification order are without merit. Thus, there are no genuine issues of material fact indicating that State Industries breached the best efforts provision of the Settlement Agreement prior to the Texas Court of Appeals decisions.

The Fain plaintiffs further argue that State Industries declined to join their efforts in appealing the decertification decision, choosing instead to file an opposition to the motion for a rehearing. The Fain plaintiffs dispute State Industries' argument regarding the nullity of the Settlement Agreement, arguing instead that the Settlement Agreement will remain in effect until it is terminated by the District Court for the 18th Judicial District of the State of Texas. The district court held that "when the Court of Appeals vacated the trial court's order approving the Settlement Agreement, State Industries was not required to comply with the provisions contained in the Settlement Agreement, including the best efforts provision, and was not required to join - and was not prohibited from

5

opposing - [the Fain plaintiffs] in their motion for rehearing of the appeal." We agree with the district court and find that the Settlement Agreement was rendered null and void by the Texas Court of Appeals decisions. Thus, we reject the Fain plaintiffs argument that State Industries violated the best efforts provision by opposing the motion for a rehearing. As a result of the foregoing, we hold that State Industries did not breach the Settlement Agreement.

II.     Collateral Estoppel

The Fain plaintiffs assert that the Settlement Agreement is valid and enforceable against State Industries under the doctrine of collateral estoppel. The Fain plaintiffs argue that despite State Industries' contention that the Settlement Agreement is void, it has utilized the Settlement Agreement as a means to protect itself from the claims of injured consumers. As evidence, the Fain plaintiffs point to letters sent by a State Industries claims administrator to various claimants declaring their claims ineligible under the terms of the Settlement Agreement. The Fain plaintiffs rely on II Deerfield Ltd. Partnership v. Henry Building, Inc., 41 S.W.3d 259, 265 (Tex. App. - San Antonio 2001) for the principle that a party may not repudiate a settlement while continuing to reap the benefits of that settlement. The district court ruled this principle and legal authority inapplicable because it found that State Industries did not fail to perform an obligation under the Settlement Agreement. We agree. Because we find that State Industries has not breached the Settlement Agreement, the Fain plaintiffs' estoppel argument fails.

III.    Denial of the Fain Plaintiffs Motion for Leave to Amend Answer

The Fain plaintiffs filed a motion for leave to amend their answer to add a breach of contract counterclaim against State Industries. The district court denied their motion on the ground that any attempts would be futile due to the unenforceability of the Settlement Agreement against State

6

Industries.  We agree. Because we find that the Settlement Agreement was rendered null and void by the Texas Court of Appeals decisions, the Fain plaintiffs motion for leave to amend their answer to add a breach of contract counterclaim against State Industries is now moot.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.  AFFIRMED.